Ida B. Lewis v. Commissioner. George W. Lewis v. Commissioner. George W. Lewis and Ida B. Lewis v. Commissioner.
Lewis v. Commissioner
Docket Nos. 51599-51601.
United States Tax Court
T.C. Memo 1958-23; 1958 Tax Ct. Memo LEXIS 207; 17 T.C.M. (CCH) 103; T.C.M. (RIA) 58023; February 19, 1958
Aaron S. Resnik, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion LEMIRE, Judge: These consolidated cases involve deficiencies and additions to the tax as follows: Docket
Additions to Tax
Year
No.
Petitioner
Deficiency
under Sec. 293(b)
1946
51599
Ida B. Lewis
$ 60,369.07
$31,351.19
1947
51599
Ida B. Lewis
179,875.65
89,937.83
1942
51600
George W. Lewis
7,068.61
3,534.31
1943
51600
George W. Lewis
957.89 *
478.95
1944
51600
George W. Lewis
20,674.26
10,337.13
1945
51600
George W. Lewis
35,615.49
17,807.74
1946
51600
George W. Lewis
62,517.12
31,258.56
1947
51600
George W. Lewis
180,309.85
90,154.93
1948
51601
George W. Lewis and Ida
B. Lewis
179,140.54
89,570.27
*208 The petitioners are husband and wife and reside at San Anselmo, California. Petitioner, George W. Lewis, filed separate returns for the years 1942 to 1945, in the District of Maryland. For the years 1946 and 1947, petitioners filed separate returns on the community property basis. For the year 1948, a joint return was filed. The various returns of petitioners for the years 1946 to 1948, inclusive, were filed with the collector or district director at San Francisco, California. Petitioners executed a consent fixing the period of limitations to June 30, 1954, for each of the years 1945 to 1948, inclusive. The statutory notice in each docket number was issued on November 10, 1953. There was no appearance by or on behalf of petitioners. At the hearing the respondent conceded the absence of fraud with reference to petitioner, Ida B. Lewis, docket No. 51599, as to the years 1946 and 1947. Absent any evidence on the part of petitioners, the deficiencies determined by the Commissioner are approved for lack of prosecution and failure of proof. There remains for determination the question whether the deficiencies determined in docket Nos. 51600 and *209 51601, or any part thereof, were due to fraud with intent to evade tax under section 293(b) of the 1939 Code. The burden is upon the respondent to establish fraud by clear and convincing evidence. Section 1112, I.R.C. of 1939. The record shows that George W. Lewis, hereinafter referred to as petitioner, was engaged in some legitimate businesses and was considerably involved in gambling. Petitioners maintained no proper books and records and refused to make available to the examining revenue agents any records or receipts they may have possessed. After an investigation covering a period of approximately three years, during which time the agents interviewed about 50 witnesses, the tax liability of petitioners was determined on the net worth and expenditures method. The net income reported on the returns of petitioners and the net income as determined by the respondent is shown in the following schedule: Net Income
Shown
As Determined
Year
Petitioner
on Returns
by Respondent
1942
George W. Lewis
$ 15,066.35
$ 28,269.64
1943
George W. Lewis
21,450.00
23,118.59
1944
George W. Lewis
23,667.03
53,317.72
1945
George W. Lewis
47,595.55
91,069.07
1946
George W. Lewis
17,477.87
105,411.72
1946
Ida B. Lewis
17,477.87
105,411.72
1947
George W. Lewis
9,483.25
239,640.15
1947
Ida B. Lewis
11,543.09
239,640.15
1948
George and Ida Lewis
115,153.06
348,034.86
*210 A summary of the net worth statement reflecting the net worth increase and understatement of income is shown in the following schedule: SUMMARY NET WORTH STATEMENT
REFLECTING NET WORTH INCREASE AND UNDERSTATEMENT
OF INCOME OF PETITIONERS
Years Ended
12/31/41
12/31/42
12/31/43
12/31/44
Total Assets
$ 50,926.87
$ 79,007.66
$ 95,168.15
$ 166,740.88
Total Liabilities
750.00
23,700.00
Net Worth Increase
28,830.79
16,160.49
47,872.73
Understated Income
13,232.22
1,668.59
29,650.69
SUMMARY NET WORTH STATEMENT
REFLECTING NET WORTH INCREASE AND UNDERSTATEMENT
OF INCOME OF PETITIONERS
Years Ended
12/31/45
12/31/46
12/31/47
12/31/48
Total Assets
$232,757.25
$411,095.86
$868,502.26
$1,199,769.88
Total Liabilities
9,400.00
Net Worth Increase
80,316.37
187,738.61
457,406.40
331,267.62
Understated Income
43,473.52
175,867.70
458,253.97
231,614.68
The investigation by the revenue agents disclosed 4 principal sources which produced unreported income, to-wit: Personal gambling activities, bookmaking activities, manipulation of pari-mutuel funds, and income from *211 various legitimate enterprises, in which petitioner had an interest. The examination also disclosed that during the taxable years involved petitioner maintained two safety-deposit boxes in fictitious names. The record shows that petitioner in each of the years 1943 to 1948, inclusive, omitted certain specific items of income, as follows: 1943
Partnership income - Alhambra
Bowling Alley
$ 6,668.59
1944
Partnership income - Alhambra
Bowling Alley
1,333.68
1945, 1946 and
1947
Income from the Unusual Clean-
ers & Dyers in each year in
the amount of
600.00
1948
Income from partnership in
Laurel Pottery Mfg. Co.
43,198.44
On May 13, 1954, petitioner was found guilty of willfully and knowingly attempting to defeat and evade a large part of income tax for the years 1947 and 1948 in violation of section 145(b) of the Internal Revenue Code of 1939, and was setenced to serve one year and to pay a fine of $24,000. Upon the entire record, we are convinced that the respondent has shown by clear and convincing evidence that a part, if not all the deficiencies determined against petitioner, George W. Lewis, for each of the taxable years 1942 to 1948, *212 inclusive, was due to fraud with intent to evade tax and we so hold. Decisions will be entered under Rule 50. Footnotes
*. Income and Victory tax.↩